1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6                  FOR THE EASTERN DISTRICT OF CALIFORNIA
7
8   IN RE                            )
                                     )    2:12-cv-01752-GEB-JFM
9   JAMES L. MACKLIN                 )
                                     )    BK Case No. 10-44610-E-7
10                     Debtor.        )
    _____  )    Adv. No. 11-2024-E
11                                    )
    JAMES L. MACKLIN,                )    ORDER DENYING MOTION TO
12                                    )    WITHDRAW THE REFERENCE*
                      Plaintiff,     )
13                                    )
              v.                     )
14                                    )
    DEUTSCHE BANK NATIONAL TRUST      )
15  CO., AS INDENTURE TRUSTEE FOR     )
    THE ACCREDITED MORTGAGE LOAN      )
16  TRUST 2006-2 ASSET-BACKED NOTES, )
    et al.,                          )
17                                    )
                      Defendants.    )
18  _____  )

19          Defendant Deutsche Bank National Trust Co. ("Deutsche") moves

20  under 28 U.S.C. § 157(d) for permissive withdrawal of the reference of

21  Debtor/Plaintiff James Macklin's Adversary Proceeding, No. 11-02024

22  ("Adversary Proceeding"). Deutsche argues:

23              Cause exists for [withdrawal] because judicial
                economy [will] be furthered in that there is an
24              action between these parties, as well as others not
                party to this Adversary Proceeding, pending in the
25              District Court (Case No. 2:10-cv-01097 FCD-KJN ...)
                (the "Civil Action") involving the identical facts
26              and evidence, and Plaintiff-Debtor James L. Macklin
                has demanded a jury trial in both the Civil Action

27
    _____
28       *   This matter is deemed suitable for decision without oral
    argument. E.D. Cal. R. 230(g).

                                     1

1    and the Adversary Proceeding, which both shall be
     tried in the District Court on grounds that
2    [Deutsche] has not, and shall not, consent to a
     jury trial in the Bankruptcy Court.
3

4  (Mot. to Withdraw 2:3-10, ECF No. 1, at 3.) Deutsche further argues that

5  additional "grounds for this motion exist in that the Adversary

6  Proceeding is a noncore proceeding." Id. at 2:10-11.

7       Debtor/Plaintiff James Macklin ("Macklin") opposes the motion,

8  stating "none of the requirements in considering a [permissive] motion

9  to withdraw reference are met[.]" (Opp'n to Mot. to Withdraw 1:26-28.)

10 Macklin argues "[t]he adversary proceeding is a core proceeding[,]"

11 "withdrawal of the reference is not mandatory when the Plaintiff/debtor

12 has requested a jury trial[,]" and "the reason [Deutsche] is asking for

13 the withdrawal is [to] forum shop[] for a different judge." Id. at 2:25-

14 28, 4:19-20, 5:9-10. Macklin further rejoins, "[s]ince the Bankruptcy

15 court has already spent tremendous time and effort on the issues[,] and

16 the Bankruptcy Court is [Macklin's] chosen venue, the matter should

17 remain with the Bankruptcy Court." Id. at 3:24-26.

18                          **I. BACKGROUND**

19      Deutsche alleges the following procedural history concerning

20 the Civil Action, Macklin's bankruptcy petition and the Adversary

21 Proceeding:

22    On April 2, 2010, [Macklin] filed a 127-page civil
      complaint in Placer County Superior Court against
23    [Deutsche] and other defendants, alleging various
      claims related to the origination, underwriting and
24    servicing of a residential home loan for which he
      applied and received . . . (the "Civil Action").
25    [Deutsche] removed the action to the District Court
      on May 3, 2010. . . .
26
      Following removal to the District Court and
27    [Deutsche's] motion to dismiss the complaint,
      Plaintiff filed the operative First Amended
28    Complaint. This complaint alleges various [claims]

                                  2

related to [Macklin's] residential home loan. . . .

[Deutsche] answered and subsequently moved for summary judgment. . . . The hearing on the motion was set for September 23, 2010.

On September 16, 2010, [Macklin] filed a Chapter 13 bankruptcy petition. . . .

[Macklin's bankruptcy] case was subsequently converted to a proceeding under Chapter 7. . . . Over [Deutsche's] objections . . . , the District Court nonetheless stayed the Civil Action pending bankruptcy. [Deutsche's] summary judgment motion remains pending in the District Court.

On January 13, 2011, Macklin filed his complaint in th[e] Adversary Proceeding. . . .

[Deutsche] thereafter moved to dismiss Plaintiff's Complaint [in the Adversary Proceeding]. On May 20, 2011, the Bankruptcy Court dismissed all but one of the Complaint's [claims] without prejudice. . . .

On June 17, 2011, [Macklin] filed his First Amended Complaint in the Adversary Proceeding. The Court allowed the Trustee to intervene on August 1, 2011.

. . . On August 3, 2011, [Deutsche] filed a motion to dismiss [Macklin's] First Amended Complaint . . . . On August 10, 2011, [Deutsche] moved to vacate the Preliminary Injunction entered on May 19, 2011. On August 18, 2011, Trustee moved to modify the terms of the Preliminary Injunction . . . .

On September 15, 2011, the Bankruptcy Court heard argument on the . . . motions. Following argument on the motions, the Bankruptcy Court . . . granted the Motion to Vacate, . . . [and] substantially granted [Deutsche's] Motion to Dismiss. . . . [O]nly [Macklin's] wrongful foreclosure and quiet title [claims] survived . . . . [Deutsche] answered those [claims] on February 28, 2012. . . .

. . . [T]he Bankruptcy Court held a Status Conference May 30, 2012 [in the Adversary Proceeding]. Following the conference, the Bankruptcy Court issued a Scheduling Order[.]

(Mem. of P&A's in Supp. of Mot. to Withdraw 2:7-4:20, ECF No. 1-1, at 73-75(internal citations omitted)).

## II. DISCUSSION

### A.   Judicial Notice

Deutsche requests judicial notice be taken of: 1) the docket of the Civil Action; 2) the First Amended Complaint filed on June 4, 2010 in the Civil Action; 3) the docket of the bankruptcy action; 4) the docket of the Adversary Proceeding; and 5) the First Amended Complaint filed on June 17, 2011 in the Adversary Proceeding. (Req. for Judicial Not. in Supp. of Mot. to Withdraw, ECF No. 1, at 4-5.)

Since Deutsche's request for judicial notice involves matters of public record in related judicial proceedings, it is granted. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003)(stating "[m]aterials from a proceeding in another tribunal are appropriate for judicial notice") overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 555 (9th Cir. 2010); Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of the docket in a related case).

### B.   Permissive Withdrawal

"[A] district court's authority for permissive withdrawal is governed by the first sentence of 28 U.S.C. § 157(d): 'The district court may withdraw . . . any case or proceeding referred [to the bankruptcy court] on its motion or on timely motion of a party, for cause shown.'" Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum

4

shopping, and other related factors. Id. (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993)).

"The district court's decision whether cause justifies withdrawal is generally discretionary, and the burden of persuasion is on the party seeking withdrawal." In re Lam, No. CIV. S-07-1858 WBS DAD, 2007 WL 3309639, at *2 (E.D. Cal. Nov. 6, 2007)(internal quotation marks and citations omitted).

"[A] bankruptcy court's determinations on non-core matters are subject to de novo review by the district court[.]" Sec. Farms, 124 F.3d at 1009. Further, "bankruptcy courts cannot conduct jury trials on noncore matters, where the parties have not consented." In re Cinematronics, Inc., 916 F.2d 1144, 1451 (9th Cir. 1990). Therefore, "[c]ourts uniformly acknowledge the relevance of a party's right to a jury trial in district court when deciding whether to withdraw reference to the bankruptcy court[.]" In re Don's Making Money, LLP, No. CV 07-319-PHX-MHM, 2007 WL 1302748, at *7 (D. Ariz. May 1, 2007).

However, "[e]ven where the presence of non-core claims and a jury demand dictate that the reference to the bankruptcy court ultimately may have to be withdrawn, a district court may exercise its discretion not to withdraw the reference immediately where, for example, the bankruptcy court already is familiar with the relevant facts and issues, and the issues triable by a jury are not yet ripe for trial." Id. (citation omitted); accord In re Creekside Vineyards, Inc., No. CIV. 2:09-2273 WBS EFB, 2009 WL 3378989, at *3-4 (E.D. Cal. Oct. 19, 2009). As stated by the Ninth Circuit in In re Healthcentral.com, "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court. Instead, the bankruptcy court is permitted to retain

jurisdiction over the action for pre-trial matters." _In re Healthcentral.com_, 504 F.3d 775, 787 (9th Cir. 2007)(internal citation omitted).

Here, the bankruptcy court has been handling the Adversary Proceeding since January 13, 2011. _See_ Adversary Proceeding docket 2, ECF No. 1-1, at 1. The bankruptcy court has decided multiple pretrial motions in the Adversary Proceeding, including a Motion for Preliminary Injunction and two dismissal motions, and has issued a Scheduling Order. _Id._ at 1-23.  Therefore "[j]udicial efficiency and uniformity will be promoted by allowing the bankruptcy court, [who is] already familiar with the [Adversary Proceeding], to manage the proceedings until the case becomes ready for trial[.]" _In re CIS Corp._, 172 B.R. 748, 764 (S.D.N.Y. 1994). Even assuming the Adversary Proceeding involves noncore matters, making certain determinations by the bankruptcy court subject to _de novo_ review by this Court, the bankruptcy court "has a better vantage point from which to make proposed findings of fact and conclusions of law in the first instance." _In re Ames Dept. Stores, Inc._, 190 B.R. 157, 163 (S.D.N.Y. 1995). Further, Deutsche has not shown that judicial efficiency would be promoted by consolidating the Adversary Proceeding with the "pending" Civil Action since that action has been stayed since October 6, 2010, and the judge to whom the Civil Action was assigned, the Honorable Frank C. Damrell, retired during the pendency of the stay. _See_ ECF No. 25 filed in Case No. 2:10-cv-01097 FCD KJN.

"In sum, none of [Deutsche's] arguments support its contention that withdrawal of the reference would promote an efficient use of judicial resources. Indeed, for this Court to become familiar with the facts and law of [the Adversary Proceeding] would duplicate much of what

[the bankruptcy court] has already accomplished." <u>In re Ames Dept.</u> <u>Stores</u>, 190 B.R. at 163-64. Therefore, "without making a determination as to whether [Macklin] ha[s], in fact, preserved [his] right to a jury trial [and whether the Adversary Proceeding involves core versus noncore matters], the Court finds that it is more judicially efficient for the bankruptcy court to continue the oversee [the Adversary Proceedings.]" <u>In re Don's Making Money, LLP</u>, 2007 WL 1302748, at *8.

### III. CONCLUSION

        For the stated reasons, Deutsche's motion to withdraw the reference is DENIED.

Dated:  July 17, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge